UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

JEFFREY GIBSON,

                Plaintiff,

    v.

K R J S CORPORATION d/b/a
KAVI GUPTA GALLERY,

                Defendant.

-------------------------------------------------------------

**ANSWER
WITH COUNTERCLAIMS**

Case No. 1:23-cv-00557-LEK-CFH

      Defendant, K R J S CORPORATION d/b/a KAVI GUPTA GALLERY, (the "Gallery") by and through its attorneys, Harris Beach PLLC, as and for its Answer to the Complaint of Plaintiff, Jeffrey Gibson ("Plaintiff"), states as follows:

    1.    The Gallery denies the allegations in paragraph 1 of the Complaint, including the allegations that the Gallery violated any law or unlawfully retained any funds belonging to Plaintiff.

    2.    The Gallery denies the allegations in paragraph 2 of the Complaint.

    3.    The Gallery admits that Plaintiff is an artist and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.

    4.    The Gallery admits the allegations in paragraph 4 of the Complaint.

    5.    The allegations in paragraph 5 of the Complaint set forth conclusions of law to which no response is required.

6.      The allegations in paragraph 6 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, the Gallery denies that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.      The allegations in paragraph 7 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the Gallery denies that it has committed any tortious acts.

8.      The Gallery admits the allegation in paragraph 8 of the Complaint.

9.      The Gallery admits the allegation in paragraph 9 of the Complaint.

10.     The Gallery admits the allegation in paragraph 10 of the Complaint.

11.     The Gallery admits that the selected quotations in paragraph 11 of the Complaint appear on the Gallery's website as of the date this pleading, and refers the Court to the website for its full and accurate contents.

12.     The Gallery admits that the selected quotations in paragraph 12 of the Complaint appear on the Gallery's website as of the date this pleading, and refers the Court to the website for its full and accurate contents.

13.     The Gallery denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13.

14.     The Gallery denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 14.

15.     The Gallery denies the allegations in paragraph 15 of the Complaint because they are vague and imprecise.  Although Plaintiff consigned certain artworks he created to the Gallery for exhibition and sale, there were many artworks associated with Plaintiff that were, in fact, created by the Gallery for exhibition and sale.

16. The Gallery denies the allegations in paragraph 16 of the Complaint.

17. The Gallery denies the allegations in paragraph 17 of the Complaint.

18. The Gallery admits that it received numerous artworks created and consigned by Plaintiff, but denies the allegations in paragraph 18 of the Complaint to the extent Plaintiff implies that all artworks associated with him and sold by the Gallery were, in fact, created by him and the Gallery denies sufficient knowledge and information as to the remaining allegations in paragraph 18 of the Complaint.

19. The Gallery denies the allegations in paragraph 19 of the Complaint.

20. The Gallery admits that it sold numerous artworks created and consigned by Plaintiff, but denies the allegations in paragraph 20 of the Complaint to the extent Plaintiff implies all artworks associated with him and sold by the Gallery were, in fact, created by him and the Gallery denies any remaining allegations in paragraph 20 of the Complaint.

21. The Gallery denies the allegations in paragraph 21 of the Complaint.

22. The Gallery denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations in the first sentence of paragraph 22 of the Complaint. The Gallery admits that Plaintiff made several requests for information relating to various sales and payments, and denies the remaining allegations in paragraph 22 of the Complaint.

23. The Gallery denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 23 of the Complaint.

24. The Gallery admits that Plaintiff's counsel requested certain financial information, which the Gallery compiled and provided, and that the parties conferred regarding a potential resolution, and denies the remaining allegations in paragraph 24.

25. The Gallery denies the allegations in paragraph 25 of the Complaint.

26. The Gallery denies the allegation in paragraph 26 of the Complaint that there are "withheld sales proceeds" amounting to $638,919.31 and denies knowledge or information sufficient to form a belief as to who calculated this amount and how.

27. The Gallery denies the allegations in paragraph 27 of the Complaint.

28. The Gallery denies the allegations in paragraph 28 of the Complaint.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION
### (Breach of Duty Owed Under NYACAL)

29. The Gallery repeats and realleges its responses to paragraphs 1 through 28 of the Complaint, as if fully stated here.

30. The allegations in paragraph 30 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the Gallery denies the allegations.

31. The allegations in paragraph 31 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the Gallery denies the allegations.

32. The Gallery denies the allegations in paragraph 32 of the Complaint.

33. The allegations in paragraph 33 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the Gallery denies the allegations.

34. The Gallery denies the allegations in paragraph 34 of the Complaint.

35. The Gallery admits that it has not remitted the amount demanded by Plaintiff, and denies the remaining allegations in paragraph 35 of the Complaint.

36. The Gallery denies the allegations in paragraph 36 of the Complaint.

37. The Gallery denies the allegations in paragraph 37 of the Complaint.

38. The Gallery denies the allegations in paragraph 38 of the Complaint.

### RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

39. Defendant repeats and realleges its responses to paragraphs 1 through 38 of the Complaint, as if fully stated here.

40. The allegations in paragraph 40 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the Gallery denies the allegations.

41. The allegations in paragraph 41 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the Gallery denies the allegations.

42. The Gallery denies the allegations in paragraph 42 of the Complaint.

43. The Gallery denies the allegations in paragraph 43 of the Complaint.

44. The Gallery denies the allegations in paragraph 44 of the Complaint.

45. The Gallery denies the allegations in paragraph 45 of the Complaint.

46. The Gallery denies the allegations in paragraph 46 of the Complaint.

47. The Gallery denies the allegations in paragraph 47 of the Complaint.

### RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION
### (Breach of Contract)

48. Defendant repeats and realleges its responses to paragraphs 1 through 47 of the Complaint, as if fully states here.

49. The Gallery denies the allegations in paragraph 49 of the Complaint.

50. The Gallery denies the allegations in paragraph 50 of the Complaint.

51. The Gallery denies the allegations in paragraph 51 of the Complaint.

52. The Gallery denies the allegations in paragraph 52 of the Complaint.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Conversion)

53. Defendant repeats and realleges its responses to paragraphs 1 through 52 of the Complaint, as if fully stated here.

54. The Gallery denies the allegations in paragraph 54 of the Complaint.

55. The Gallery denies the allegations in paragraph 55 of the Complaint.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION
### (Accounting)

56. Defendant repeats and realleges its responses to paragraphs 1 through 55 of the Complaint, as if fully stated here.

57. The allegations in paragraph 57 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the Gallery denies the allegations.

58. The Gallery denies the allegations in paragraph 58 of the Complaint.

59. The Gallery denies the allegations in paragraph 59 of the Complaint.

## GENERAL DENIAL

60. The Gallery denies each and every other allegation of the Complaint not heretofore previously admitted, denied, or otherwise controverted.

## AFFIRMATIVE DEFENSES

Without assuming any burden of pleading or proof that would otherwise fall upon Plaintiff, the Gallery asserts the following defenses, reserving the right to supplement its Answer and Affirmative Defenses as appropriate.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

61. The Complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

62. Plaintiff's claims are barred by the applicable statutes of limitation.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

63. Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or ratification.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

64. Plaintiff's claims for monetary damages are barred because any funds that might be owed to him are offset by amounts he owes the Gallery.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

65. Plaintiff's claims are contrary to applicable industry standards.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

66. Plaintiff has admitted not being certain as to the amounts owed to him or by him, and has acknowledged the amount demanded in the Complaint is incorrect.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

67. To the extent there was any delay by the Gallery in providing Plaintiff an accounting of all expenses, it was a result of Plaintiff's actions and express request that the Gallery not post all financial informant in real time in the usual manner.

**AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE**

68. To the extent there were any times during the parties' working relationship when there were funds owed by the Gallery to Plaintiff, it was a result of Plaintiff's request for an alternative payment arrangement made for his benefit whereby he was advanced certain funds before his artworks were sold.

## DEFENDANT'S COUNTERCLAIMS AGAINST JEFFREY GIBSON

## FACTUAL BASIS FOR COUNTERCLAIMS

1. Kavi Gupta ("Gupta") founded and established the Gallery in 2000 in Chicago, Illinois. As part of its mission, the Gallery dedicates considerable time and resources to discovering and promoting underrepresented and underappreciated artists.

2. To pursue this mission, the Gallery invests substantial time and resources in such emerging artists by producing and facilitating the artists' work, marketing and promoting the artists and the works throughout the international art world and brokering sales of the artists' works.

3. Beginning in or around 2017, the Gallery began working with Plaintiff to support, facilitate, and promote Plaintiff's work as an emerging contemporary artist.

4. The Gallery thereafter entered into an arrangement with Plaintiff whereby the Gallery incurred the costs and expenses associated with producing and marketing Plaintiff's work.

5. Plaintiff agreed, and it is a well-settled industry standard, that the production costs and expenses associated with the production of his work would be taken off the top when the particular piece or production was sold.

6. Once the initial costs and expenses associated with the work were taken off the top, the Gallery and Gibson split the remaining sale proceeds, with the Gallery retaining 50% of the net sale proceeds, and the remaining 50% of the net sale proceeds paid to Gibson.

7. For example, since 2018, the Gallery invested in reimbursable production and vendor costs including, but not limited to, videographers, photographers, performers, and materials such as clothing, drums, metals, beads, and other components, all utilized to create and produce Gibson's work. At no time were such reimbursable costs limited to framing expenses.

8. The Gallery has advanced the funds for such expenses and, pursuant to the parties' agreement, these expenses must be reimbursed before any profits can be split between the Gallery and Plaintiff.

9. Upon information and belief, Plaintiff has unequivocally stated that the Gallery should not be reimbursed for the costs and expenses associated with producing and marketing his work, with the exception of certain framing costs.

10. In addition to production and vendor costs, the Gallery also incurred expenses to promote and build Gibson's career as a premier artist.

11. Upon information and belief, the Gallery has invested substantial funds in developing and promoting Gibson's career and works.

### AS AND FOR DEFENDANT'S FIRST COUNTERCLAIM
### (Declaratory Judgment)

12. The Gallery repeats, realleges, and incorporates hereunder by reference the allegations contained in paragraphs 1 through 11 of its counterclaims.

13. A justiciable controversy exists between the parties regarding the parties' respective rights and obligations under the parties' oral agreement for the production, marketing, and sale of certain works of art.

14. The controversies are of sufficient immediacy and reality to warrant declaratory relief under Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

15. The Gallery is entitled to a judicial declaration adjudicating that:

   a. The Gallery and Plaintiff have a valid and enforceable agreement;

   b. Pursuant to such agreement:

      i. The Gallery incurs the costs and expenses associated with producing certain of Plaintiff's work;

      ii. Any and all costs and expenses associated with the production of Plaintiff's work are to be recouped by the Gallery at the time the Gallery receives the proceeds from the sale of the corresponding work; and

      iii. The proceeds remaining after the Gallery recoups any and all production costs and expenses, are then be split evenly between the Gallery and Plaintiff.

16. The Gallery has no adequate remedy at law with respect to this relief, in part, because Plaintiff is impeding sale of works into which the Gallery has invested substantial resources.

### AS AND FOR DEFENDANT'S SECOND COUNTERCLAIM
**(Anticipatory Repudiation)**

17. The Gallery repeats, realleges, and incorporates hereunder by reference the allegations contained in paragraphs 1 through 16 of its counterclaims.

18. The Gallery and Plaintiff entered into a valid and enforceable agreement. Pursuant to such agreement, the Gallery incurred the costs and expenses associated with producing and marketing Plaintiff's work. In exchange, Plaintiff agreed that any and all production costs and expenses associated with the production of his work would be recouped by the Gallery when the particular piece or production was sold and the Gallery received such sale proceeds.

19. The Gallery substantially performed under the agreement by paying the costs and expenses associated with producing and marketing Plaintiff's work.

20. Upon information and belief, Plaintiff anticipatorily repudiated the agreement by unequivocally stating that he will breach the agreement by failing to reimburse the Gallery for the costs and expenses associated with producing and marketing his work.

21. In the event Plaintiff follows through with its repudiation of the agreement, the Gallery will be damaged in an amount to be determined at trial.

### AS AND FOR DEFENDANT'S THIRD COUNTERCLAIM
### (Conversion)

22. The Gallery repeats, realleges, and incorporates hereunder by reference the allegations contained in paragraphs 1 through 21 of its counterclaims.

23. To the extent the Gallery, or third party whom the Gallery paid, created or produced any works of art, the Gallery has an ownership interest in the works and/or the Gallery had possessory rights to the works.

24. Upon information and belief, Plaintiff erroneously claims that he solely created all of the works at issue and that is not responsible for production costs incurred to create those works.

25. Upon information and belief, Plaintiff has improperly exercised unauthorized dominion and control over such works of art resulting in an interference with, or derogation of, the Gallery's rights.

26. As a result of Plaintiff's conversion, the Gallery has suffered damages in an amount to be determined at trial.

### AS AND FOR DEFENDANT'S FOURTH COUNTERCLAIM
### (Unjust Enrichment)

27. The Gallery repeats, realleges, and incorporates hereunder by reference the allegations contained in paragraphs 1 through 26 of its counterclaims.

28. The Gallery incurred extensive vendor costs and expenses associated with the production and marketing of Plaintiff's work.

29.     The Gallery incurred such costs and expenses on Plaintiff's behalf with the express understanding that such expenditures would be recouped by the Gallery from the sale proceeds of Plaintiff's work.

30.     All costs and expenses incurred by the Gallery on Plaintiff's behalf have not been recouped by the Gallery.

31.     Accordingly, Plaintiff has been improperly enriched at the Gallery's expense and to the Gallery's detriment.

32.     It is against equity and good conscience to permit Plaintiff to retain such benefits.

33.     The Gallery therefore seeks repayment of any and all vendor costs and expenses incurred by the Gallery to produce and market Plaintiff's work which have not yet been recouped by the Gallery following the sale of Plaintiff's works, in an amount to be determined at trial.

34.     The Gallery also expended substantial funds to build and promote Plaintiff's career.

35.     The Gallery expended funds to build and promote Plaintiff's career based on the understanding that such promotional activity would benefit the Gallery and Plaintiff equally. The Gallery provided substantial financial and human resources support to Plaintiff.  Plaintiff has been improperly enriched by such expenditures to the detriment of the Gallery.

36.     It is against equity and good conscience to permit Plaintiff to retain such benefit.

37.     Accordingly, the Gallery also seeks repayment of all funds expended to build and promote Plaintiff's career, in an amount in excess of $786,600.

**WHEREFORE**, the Gallery demands the following relief from the Court against the Plaintiff:

1. For the first counterclaim, a declaration that:

    a. The Gallery and Plaintiff have a valid and enforceable agreement based on well-settled industry standard custom and practice;

    b. Pursuant to such agreement:

        i. The Gallery incurred the costs and expenses associated with producing and marketing Plaintiff's work;

        ii. Any and all costs and expenses associated with the production and marketing of Plaintiff's work are to be recouped by the Gallery at the time the Gallery receives the proceeds from the sale of the corresponding work; and

        iii. The proceeds remaining after the Gallery recoups any and all production costs and expenses, are to be split evenly between the Gallery and Plaintiff.

2. For the second counterclaim, damages in an amount to be determined at trial, plus interest;

3. For the third counterclaim, damages in an amount to be determined at trial, plus interest;

4. For the fourth counterclaim, damages in an amount to be determined at trial, plus interest;

5. An award of attorneys' fees, costs, disbursements, and interest related to this action; and

6. Such other and further relief as the Court deems just and proper.

Dated: Pittsford, New York
August 4, 2023

                                          **HARRIS BEACH PLLC**

                          By:     */s/ Svetlana K. Ivy*
                               Svetlana K. Ivy (Bar No. 516400)
                               99 Garnsey Road
                               Pittsford, New York 14534
                               Tel: (585) 419-8779
                               Fax: (585) 419-8801
                               sivy@HarrisBeach.com

                               *Attorneys for Defendant*
                               *K R J S Corporation d/b/a*
                               *Kavi Gupta Gallery*

TO:    Amelia K. Brankov (*via ECF*)
         BRANKOV PLLC
         1185 Avenue of the Americas, 3rd Floor
         New York, New York 10036
         Tel.: (212) 404-1210
         abrankov@brankovlaw.com

         *Attorney for Plaintiff Jeffrey Gibson*